

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**MICHAEL A. CARDOZO**
*Corporation Counsel*

**MICHAEL A. SUAREZ**
Phone: (212) 788-8710
Fax: (212) 788-0877
E-mail: msuarez@law.nyc.gov

MEMO ENDORSED



January 22, 2008

**BY HAND**
Honorable Richard M. Berman
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 650
New York, New York 10007

Conference on 2/4/08 @ 11:10 A.M. Def. to arrange for PC's appearance by phone.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-23-08

Re: W___ v. Department of Correction, et. al.
07 CV 8679 (RMB)(RLE)

SO ORDERED
Richard M. Berman
1/23/08   Richard M. Berman, U.S.D.J.

Dear Judge Berman:

I am the attorney in the Office of the Corporation Counsel assigned to the above-referenced matter, in which an inmate, presently incarcerated and proceeding *pro se*, is suing the Department of Correction ("DOC") for allegedly failing to place him in heat sensitive housing. I write to respectfully request a pre-motion conference pursuant to the Court's individual rules. Defendants New York City Department of Correction, Commissioner Horn, Warden Brian Riordan, Warden Emmanuel Bailey, Warden Robert Shaw, Deputy Warden Batson, Deputy Warden Andrews and Correction Officer Edness[1], respectfully request permission to move, pursuant to Fed. R. P. 12(b)(6), to dismiss the Complaint on the grounds that plaintiff has failed to exhaust his administrative remedies as required by the Prison Reform Litigation Act

---

[1] Upon information and belief, named defendants "Deputy Barnett" and "C.O. Atherly" have not been served with the Summons and Complaint.

("PLRA") 42 U.S.C. §1997(e). Defendants' response to the Complaint is currently due January 28, 2008. Accordingly, defendants request that their date to respond be stayed until the Court has had an opportunity to schedule a pre-motion conference and determine whether defendants may proceed with their motion.

Plaintiff alleges that while incarcerated in various jails on Rikers Island, defendants failed to consistently place him in housing areas designated for heat sensitive inmates, despite being allegedly declared heat sensitive. The gravamen of his claim is that improper prison conditions on Rikers Island has caused him to suffer physical stress. In all cases regarding prison conditions, the PLRA mandates that the plaintiff exhaust his administrative remedies as a condition precedent to commencing an action. The PLRA states in relevant part:

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. §1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The requirement that inmates exhaust administrative remedies prior to filing a complaint about prison conditions is mandatory, and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 524 (2002). Inmates must strictly adhere to the grievance procedure of the detention facility in which he is placed in order to properly exhaust his administrative remedies. *See Woodford v. Ngo*, 126 S.Ct. at 2384. *See also Piper v. City of New York*, 2004 U.S. Dist. LEXIS. 29214, at * 6-7 ("A prisoner's remedies are not deemed exhausted until he proceeds through all five levels of the IGP.").

The DOC has in place a well established, five step administrative grievance process; the "Inmate Grievance Resolution Program" ("IGRP"). Inmates can file a complaint

about any policy, its implementation, or any behavior or action directed towards them. This covers complaints about facilities conditions on Rikers Island. To initiate the process, an inmate must file a complaint with the Inmate Grievance Resolution Committee ("IGRC"), which attempts to resolve the grievance informally. If the grievance is not informally resolved, the inmate may request a formal hearing before the IGRC. The inmate may appeal the IGRC's decision to the Warden. The inmate may then appeal the Warden's decision to the Central Office Review Committee ("CORC"). The inmate may appeal the CORC's decision to the Board of Correction. If the grievance is not decided within the allotted time frame, the grievant has the option of appealing the grievance to the next level.

      Here, according to plaintiff's own Complaint, he did not exhaust his administrative remedies because he failed to complete the IGRP. Though he did file an initial grievance, he subsequently failed to take an appeal to the CORC. Instead, plaintiff alleges that he wrote to "ombudsman, corrections department, Board and Commissioner [sic]. . ." Complaint ¶II (E)(3). Plaintiff did not complete the five step grievance process in accordance with DOC procedure and the PLRA. Accordingly, the Complaint must be dismissed.

      The defendants are prepared to discuss this matter in further detail at a pre-motion conference before Your Honor. Thank you for your consideration of defendants' request for a pre-motion conference in this matter and that defendants' response to the Complaint be stayed until the Court determines whether they may proceed with their motion.

      Respectfully,

Michael A. Suarez (MS 5038)
Assistant Corporation Counsel